UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14370-CV-ROSENBERG
(CASE NO. 16-14002-CR-ROSENBERG)
MAGISTRATE JUDGE REID

VENTERIA LEANET REASON,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

## **REPORT OF MAGISTRATE JUDGE**

## I. Introduction

This Cause is before the Court on Movant's *pro se* motion to vacate under 28 U.S.C. § 2255 [ECF No. 1],[1] attacking the constitutionality of her conviction and sentence entered following a guilty plea in Case No. **16-14002-CR-ROSENBERG**. This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

---

[1] Citations to [ECF] refer to docket entries in this case, Case No. 19-14370-CV-ROSENBERG. Citations to [CR-ECF] refer to docket entries in the underlying criminal case, Case No. 16-14002-CR-ROSENBERG.

Movant asserts that her § 2255 Motion is timely. *See* [ECF No. 1 at 11]. However, in response to the Undersigned's Limited Order to Show Cause [ECF No. 5], Respondent argues that Movant's case should be dismissed because it was not timely brought within the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f). [ECF No. 6 at 7-9]. Though given the opportunity to do so, Movant did not file a reply in response to Respondent's assertion of the statute of limitations, and the time for doing so has expired.

Accordingly, upon review of the entire record in this case, including Movant's § 2255 Motion [ECF No. 1], as well as the Government's Response [ECF No. 6], and all relevant records from the underlying criminal case, the Undersigned **RECOMMENDS** that the Motion [ECF No. 1] be **DISMISSED** as untimely.

## II. Background

Movant pleaded guilty to (Count 1)--conspiracy to import a controlled substance-Dibutylone HCI, in violation of 21 U.S.C. §§ 952(a) and 963. [CR-ECF Nos. 137, 138, 139]. On February 28, 2017, Movant was sentenced to a total of 135 months' imprisonment, followed by three years of supervised release. [CR-ECF No. 253]. On March 1, 2017, Judgment was entered. [CR-ECF No. 259].

Movant filed a direct appeal to the United States Court of Appeals for the Eleventh Circuit, and on January 12, 2018, Movant's conviction and sentence were

*per curiam* affirmed in an unpublished written opinion. *See United States v. Reason*, 720 F. App'x 591, 598 (11th Cir. 2018); *see also* [CR-ECF No. 299]. Movant filed a petition for *certiorari*, which was denied by the United States Supreme Court on May 14, 2018. *See Reason v. United States*, 138 S.Ct. 2014 (May 14, 2018); *see also* [CR-ECF No. 302].

Movant then filed a letter seeking to adopt her co-defendant's Julius Reason's § 2255 Motion. [CR-ECF No. 317]. The motion to adopt was dated May 16, 2019, by Movant; however, the prison stamp reflects a date of May 22, 2019. [*Id.*].[2] On May 24, 2019, the District Court Judge denied the motion to adopt, ordering the clerk to provide the § 2255 motion form to Movant. [CR-ECF No. 319]. On August 1, 2019, Movant filed a letter requesting the § 2255 Motion form. [CR-ECF No. 320]. On September 25, 2019, Movant filed this § 2255 Motion.[3] [ECF No. 1].

### III. Legal Analysis

1) <u>Statute of Limitations</u>

Pursuant to 28 U.S.C. § 2255(f), the one-year limitation period "shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;

---

[2] Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001); *see also* Fed. R. App. 4(c)(1).

[3] *See* footnote 2.

>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

  *a) § 2255(f)(1)*

As noted above, the district court entered Movant's judgment of conviction on March 1, 2017. [CR-ECF No. 259]. However, it did not immediately become final because Movant filed a direct appeal to the United States Court of Appeals for the Eleventh Circuit, which was denied on January 12, 2018. [CR-ECF No. 299] Movant then filed a petition for a writ of *certiorari* to the Supreme Court of the United States. Movant's criminal case became final the day her petition was denied by the Supreme Court, **May 14, 2018**. [CR-ECF No. 302]; *see also Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (finding that Movant's conviction became final "the day the Supreme Court denied [his] certiorari petition").

Thus, under § 2255(f)(1), Movant was required to file a motion to vacate within one year, by **May 14, 2019**. However, Movant filed this Motion on **September 25, 2019**, more than **four months** after the one-year limitation period expired under 28 U.S.C. § 2255(f)(1).[4] Therefore, Movant's Motion is untimely.

  b) *§ 2255(f)(2)-(3)*

Movant does not argue nor does the record support a finding that she is entitled to statutory tolling under § 2255(f)(2).

  c) *§ 2255(f)(2)(3)*

As best can be discerned, Movant asserts that her motion is timely under § 2255(f)(3), which provides that the one-year limitation period shall run from the latest of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Movant claims the Eleventh Circuit held, in *United States v. Phifer*, 909 F.3d 372 (11th Cir. 2018), that "the language of the regulation is fairly sus[c]eptible to being read to answer . . . whether the definition of positional isomer found in

---

[4] Movant asserts that her Motion is timely pursuant to the motion she filed to adopt her co-defendant's § 2255 Motion. [ECF No. 1 at 11]. However, even if the Court uses May 16, 2019, the date that Movant indicated she wrote the motion to adopt [CR-ECF No. 317], as the filing date for Movant's § 2255 Motion, it would still be untimely. Movant was required, under § 2255(f)(1), to file a motion to vacate within one year, by **May 14, 2019**. Further, there is nothing to indicate that the Court should use May 16, 2019, as the filing date for Movant's § 2255 Motion, as Movant's motion to adopt was denied. [CR-ECF No. 319].

5

1300.01(b) governs the meaning of that term used in 1308.11(b)[,] both affirmatively and negatively." [ECF No. 1 at 4]. Movant further asserts that "at the time she was convicted and sentenced[,] the term positional isomer was unambiguous[,]" but that "the term positional isomer was ruled ambiguous [six] months after [her] conviction was affirmed by the Eleventh Circuit [in *Phipher*] [and] this precedent of law was not available when [her] direct appeal was filed." [*Id*. at 4].

In *Phiper*, the Eleventh Circuit held that (1) the Drug Enforcement Agency's regulation defining "positional isomer" was ambiguous; (2) the Court of Appeals would remand to the district court for determination of what the generally accepted definition of "positional isomer" was in the scientific community; and (3) retrying movant, as he was previously tried by a jury, would not violate double jeopardy. 909 F3d. at 382-386.

Accordingly, in essence, Movant contends that her Motion is timely under § 2255(f)(3), pursuant to a new rule of law as set forth in *United States v. Phifer*, 909 F.3d 372 (11th Cir. 2018). [ECF No. 1 at 3-4].

However, § 2255(f)(3) is inapplicable here. In order for a claim to be timely under § 2255(f)(3) "a court must first answer whether the Supreme Court decision in question announced a new rule" in accordance with *Teague v. Lane*, 489 U.S. 288 (1989). *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012). *Phiper* was decided by the Eleventh Circuit, not the United States Supreme Court.

6

Therefore, the Court need not address whether *Phiper* is retroactively applicable to cases on collateral review as *Phiper* fails to meet the first element necessary for a claim to be timely under § 2255(f)(3), that a new rule was announced by the Supreme Court.[5] As such, as discussed above, because Movant's claim does not fall within the purview of § 2255(f)(3), this § 2255 Motion is untimely.

  d) *§ 2255(f)(4)*

Movant also claims that because the term "positional isomer has been ruled ambiguous in [*Phiper*], [she] has new evidence that proves she did not meet the knowledge requirement to be convicted of these offenses." [ECF No 1 at 7]. Alternatively, to the extent Movant is asserting her Motion is timely under § 2255(f)(4), *see* [ECF No. 1 at 4], this claim fails. Section 2255(f)(4), provides that the one-year limitation period "shall run from the latest of – the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* [ECF No. 1 at 4].

First, in the stipulated factual basis Movant signed, in support of her guilty plea, she agreed that she understood the nature of the charges to which she was pleading guilty, because she discussed the charges. [CR-ECF No. 138 at 3]. She also

---

[5] The Eleventh Circuit has "held that a court other than the Supreme Court may determine retroactivity under § 2255(f)(3)." *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012) (citing *Dodd v. United States,* 365 F.3d 1273, 1278, 1280–81 (11th Cir. 2004)).

stipulated that she understood that the United States must prove the facts or elements beyond a reasonable doubt: (1) that two or more people in some way agreed to accomplish a shared and unlawful plan; (2) that she knew the unlawful purpose of the plain and willfully joined in it; and (3) the object of the unlawful plan and intent was to Import, Manufacture, Distribute, and Possess with Intent to Manufacture and Distribute a Controlled Substance, containing a detectable amount of Dibutylone HCI, a Schedule I controlled substance. [*Id*. at 138 at 1-4].

Additionally, "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period [under § 2255(f)(4)]." *Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010); *see also Jeudy v. United States*, No. 14-CR-20620, 2017 WL 11485803, at *3 (S.D. Fla. Aug. 22, 2017), *report and recommendation adopted*, No. 17-23098-CIV, 2017 WL 11485801 (S.D. Fla. Sept. 28, 2017) ("Sub-section § 2255(f)(4) is only triggered when a defendant discovers facts, not the legal consequences of those facts.").

Here, *Phiper* is not a new fact for the purposes of timeliness under § 2255(f)(4). "The plain language of the statute refers to "facts," and the [*Phipher*] decision is a legal opinion, not a new fact." *Bazemore v. United States*, 595 F. App'x 869, 873 (11th Cir. 2014) (citing 28 U.S.C. § 2255(f)(4)).

Therefore, because *Phiper* did not constitute a new fact and because Movant did not rely upon any "facts," as that term is understood, § 2255(f)(4) is inapplicable.

8

Because Movant has not provided any facts which fall within the purview of § 2255(f)(4), this § 2255 Motion is untimely.

2) <u>Equitable Tolling</u>

Section 2255 is subject to equitable tolling. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). But, equitable tolling is proper only if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (citation omitted); *see also Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("[T]he allegations supporting equitable tolling must be specific and not conclusory.") (citation omitted).

Movant has not alleged that equitable tolling excuses her untimely filing. As a result, she has not met her burden, and this 2255 Motion is untimely.

3) <u>Actual Innocence</u>

Movant asserts that she is "actually innocent of the charged crime as the term used to convict [her], 'positional isomer,' has been found to be ambiguous in regards to the indictment under which [she pled] guilty to." [ECF No. 1 at 5].

9

Courts have "equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition." *McQuiggin v. Perkins*, 569 U.S. 383, 397 (2013). However, "[t]he miscarriage of justice exception…applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the movant].'" *Id.* at 394-95 (quoting *Schlup v. Delo*, 513 U.S. 298, 303 (1995)). This type of claim is commonly referred to as an "actual innocence" claim. *McQuiggin*, 569 U.S. at 392 (citation omitted); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (quoting *Bousley*, 523 U.S. at 623). "Actual innocence claims must also be supported 'with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.'" *Rich v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 882 (11th Cir. 2008) (*per curiam*) (quoting *Schlup*, 513 U.S. at 324).

Movant bears the burden to adequately allege actual innocence. *Schlup*, 513 U.S. at 327. Furthermore, Movant bears the overall burden of proof under § 2255. *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (citing cases).

No such showing has been made here. To the contrary, on the record before the Court, Movant pled guilty pursuant to a written plea supported by a factual proffer. [CR-ECF Nos. 137, 138, 139]. Thus, even if *McQuiggin* applied in the context of a guilty plea—an unsettled issue of law[6]—the legal opinion set forth in *Phiper* is not "new evidence." Movant, consequently, failed to provide fresh evidence proving she is actually innocent. Movant, therefore, cannot rely upon this exception to overcome the untimeliness of the instant Motion. Without an applicable equitable exception, the Motion is time-barred.

## IV. Evidentiary Hearing

Movant is not entitled to an evidentiary hearing. As discussed above, "the motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" *See* 28 U.S.C. § 2255(b). On this record, there is no basis to infer that movant would be able to develop facts at an evidentiary hearing sufficient to overcome § 2255(f)'s time bar.

## V. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal,

---

[6] District courts have held that a guilty plea precludes § 2255 movants from arguing that *McQuiggin*'s actual innocence exception permits them to overcome their failure to file a timely Motion to Vacate under § 2255. *See, e.g.*, *Jackson v. United States*, No. 13-CV-818-JPS, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013)

11

but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a certificate of appealability, prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

Where, as here, a district court denies a habeas action solely on procedural grounds, the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claims and procedural ruling debatable or wrong to merit a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 474, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

In this case, there is no basis to issue a certificate of appealability. If Movant disagrees, he should present his argument to the attention of the District Judge in objections.

### VI. Recommendations

Based on the foregoing, it is recommended:

1. That Movant's § 2255 motion [ECF 1], be **DISMISSED** as untimely;
2. That no certificate of appealability issue;

3.  That judgment be entered for Respondent; and,

4.  The case **CLOSED**.

Objections to this report may be filed with the district court within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district court judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

**SIGNED** this 25th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Venteria Leanet Reason**
13067-104
Coleman Federal Correctional Complex-Camp
Camp-F4
Inmate Mail/Parcels
P.O. Box 1027
Coleman, FL 33521-1027
PRO SE

United States of America
represented by Noticing 2255 U.S. Attorney
**Carmen M. Lineberger**
United States Attorney's Office
101 South U.S. Hwy 1
Suite 3100
Fort Pierce, FL 34950
Email: Carmen.Lineberger@usdoj.gov